**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>FOOT LOCKER, INC. and<br>FOOTLOCKER.COM, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. \_\_\_\_<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

For its Complaint, Plaintiff Vilox Technologies, LLC ("Vilox"), by and through the

undersigned counsel, alleges as follows:

**THE PARTIES**

1.      Vilox is a Texas limited liability company having a principal place of business at

101 E. Park Boulevard, Suite 600, Plano, Texas 75704.

2.      Defendant Foot Locker, Inc. ("Foot Locker") is a New York corporation, having a

principal place of business 112 West 34th Street, New York, New York 10120.

3.      Defendant Footlocker.com, Inc. ("Footlocker.com") is a Delaware corporation,

having a principal place of business at 112 West 34th Street, New York, New York 10120.

4.      Footlocker.com owns and operates the website www.footlocker.com, and, upon

information and belief, Foot Locker is the parent organization to which Footlocker.com belongs.

Upon information and belief, Footlocker.com acts as an agent for or otherwise for the benefit of

Foot Locker.  Foot Locker and Footlocker.com are referred to collectively herein as "Foot Locker" or "Defendants."

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271, and 28 U.S.C. §§ 1331 and 1338.

6.      The Court has personal jurisdiction over Foot Locker because, upon information and belief, Foot Locker conducts substantial business in the forum, directly or through intermediaries, including: (i) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this district.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), as well as 28 U.S.C. § 1400(b).  Furthermore, venue is proper based on Foot Locker's conducting of business within this District and/or soliciting and establishing online relationships with persons and entities within this District, including the infringing products or services alleged herein.

## THE PATENTS-IN-SUIT

8.      On March 6, 2007, United States Patent 7,188,100 (the "'100 patent"), entitled "Search-on-the-Fly Report Generator," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '100 patent is attached hereto as Exhibit A.

9.      On August 11, 2009, United States Patent 7,574,432 (the "'432 patent"), entitled "Search-on-the-Fly/Sort-on-the-Fly Search Engine," was duly and lawfully issued by the U.S.

Patent and Trademark Office ("USPTO").  A true and correct copy of the '432 patent is attached

hereto as Exhibit B.

10.     The '100 and '432 patents are each valid and subsisting, and Vilox is the assignee

and owner of all right, title and interest in and to the '100 and '432 patents, including the right to

assert all causes of action arising under said patents and to any remedies for infringement of

them.

11.     Dr. Joseph DeBellis is a named inventor on each of the Patents-in-Suit, and the

sole inventor on the '432 patent.  Over 15 years ago, Dr. DeBellis recognized a significant

limitation on the ability to search, retrieve and sort results of queries across a single database or

across multiple databases.  At that time, search queries tended to return very large amounts of

data that could not easily be sorted and reviewed by the user.  Additionally, no iterative

application of search functions or filters was available to search and/or sort a single or multiple

databases.  Furthermore, a query for a given piece of information might, in the case of multiple

databases, retrieve the information from one database, but not another, even if the information is

the same in each database, because of the different ways in which the data in the databases was

organized.

12.     To solve these long-standing problems, Dr. DeBellis conceived a method and

apparatus for conducting on-the-fly searches that provide the user with an intuitive mechanism

for searching databases without having to know anything about the database structure.  This

conception formed the basis for several inventions, including those claimed in the '100 and '432

patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT 7,188,100

13.     Vilox repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14.     Foot Locker has infringed and continues to infringe one or more claims of the '100 patent, including at least claim 1, by making, using, selling and/or offering for sale within this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products or services that, among other features, receive a database search query, search a database on-the-fly based on the query, tweak the received query to generate a defined query of the database, access a database using the defined query, generate a search result that includes descriptors of data categories, and create a template that includes links to the data categories, including but not limited to search features of Foot Locker's website located at www.footlocker.com.

15.     Foot Locker's infringing actions are without license and authorization.

16.     Foot Locker's unauthorized actions therefore constitute violation of Vilox's exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Foot Locker the damages sustained by Vilox as a result of Foot Locker's infringement of the '100 patent in an amount to be determined at trial, which amount shall be no less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT 7,574,432

17.     Vilox repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.     Foot Locker has infringed and continues to infringe one or more claims of the '432 patent, including at least claim 1, by making, using, selling and/or offering for sale within

this District and elsewhere in the United States and/or importing into this District and elsewhere

in the United States, products or services that, among other features, receive a selection of one or

more databases, present a menu with a list of data fields from the selected database(s), receive a

selection of a data field from the menu and storing the selection as a first constraint parameter,

search the database(s) based on the first constraint parameter, generate a search result based on

the first constraint parameter that includes entries presented in a second menu, receive a selection

of a data field from the second menu and storing the selection as a second constraint parameter,

combine the first constraint parameter with the second constraint parameter and search the

database(s) based on the combined first and second constraint parameters, and generate a search

result based on the first and second constraint parameters that includes entries presented in a

third menu on the same screen as the first and second menus, including but not limited to search

features of Foot Locker's website located at www.footlocker.com.

19.     Foot Locker's infringing actions are without license and authorization.

20.     Foot Locker's unauthorized actions therefore constitute violation of Vilox's

exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Foot

Locker the damages sustained by Vilox as a result of Foot Locker's infringement of the '100

patent in an amount to be determined at trial, which amount shall be no less than a reasonable

royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Vilox hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vilox requests that the Court enter judgment against Foot Locker as

follows:

A.      An adjudication that Defendants Foot Locker, Inc. and Footlocker.com, Inc. have

infringed the '100 and '432 patents.

B.      An award of damages to be paid by Defendants adequate to compensate Vilox for

Foot Locker's past infringement of the '100 and '432 patents and any continuing or future

infringement through the date such judgment is entered, including interest, costs, expenses and

an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Vilox's reasonable attorneys' fees; and

D.      An award to Vilox of such further relief at law or in equity as the Court deems

just and proper.

Date:   August 25, 2015                          /s/Andrew W. Spangler
                                                 Andrew W. Spangler
                                                 SPANGLER LAW P.C.
                                                 208 N. Green Street
                                                 Suite 300
                                                 Longview, Texas 75601
                                                 Phone: (903) 753-9300
                                                 Fax: (903) 553-0403
                                                 Email: spangler@spanglerlawpc.com

                                                 *Attorneys for Plaintiff*
                                                 *VILOX TECHNOLOGIES, LLC*